Accordingly, the district court decision is AFFIRMED.

Tae Hee CHOI, an individual; Nan Kyung Son, an individual; Bong Woo Lee, an individual; Mary Lee, an individual aka Yunhee Lee; Jimmy M. Shin, an individual; Kyu Sam Yim, an individual; Tal Nam Smith, an individual; Chan Woo Shin, an individual; Woo Kyung Kim, an individual; Hee Chae Kim, an individual, Plaintiffs—Appellants,

v.

SAMSUNG HEAVY INDUSTRIES COMPANY, LTD., a business entity, form unknown, Defendant—Appellee.

No. 03–56192.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided April 28, 2005.

O. Andrew Wheaton, O. Andrew Wheaton Law Offices, Mary Lee, Esq., Mary Lee Law Offices, Los Angeles, CA, Stuart B. Esner, Esq., Andrew N. Chang, Esq., Esner & Chang, Pasadena, CA, and Jimmy M. Shin, Sunnyvale, CA, for Plaintiffs—Appellants.

Rex S. Heinke, Esq., James K. Lee, Esq., Akin, Gump, Strauss, Huer & Feld L.L.P., Los Angeles, CA, for Defendant—Appellee.

Before: PREGERSON, CANBY, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Tae Hee Choi and eight other appellants (collectively "Choi") entered into contracts for the purchase of condominium units in Seoul, Korea. Samsung Heavy Industries is the contractor/builder of these units. When Choi discovered that the units did not appear to be as promised, they brought various fraud-based claims against Samsung in the Central District of California. Choi appeals the district court's dismissal of his claims on the grounds that (1) the court lacked personal jurisdiction over Samsung and (2) the parties' forum selection clause designated Korea as the appropriate forum.

We affirm on the second ground, and therefore we do not address the personal jurisdiction issue. We hold that the forum selection clause is mandatory and enforceable.[1]

First, the clause is mandatory; it states "all litigations ... shall be referred" to Korea. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir.1989). The clause's reference to the Korean Civil Proceedings Act does not change this conclusion. We do not believe that the *Korean* Civil Proceedings Act intends to grant venue and jurisdiction beyond Korea's borders.

Second, the clause is enforceable. On this record, by enforcing the clause, we would not contravene any "strong public policy" in the Interstate Land Sales Full

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo the meaning of a forum selection clause, including whether the clause is mandatory or permissive. *See N. Cal. Dist.*

*Council of Laborers v. Pittsburg—Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir.1995). We review for abuse of discretion the district court's order enforcing the clause and dismissing the case for improper venue. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir.1998) (en banc).

Disclosure Act. *M/S Bremen v. Zapata Off—Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see Murphy v. Schneider Nat'l Inc.,* 362 F.3d 1133, 1140 (9th Cir.2004). Choi has not made a "strong showing" that enforcing the clause would somehow offend a strong public policy embodied in the Act. *M/S Bremen,* 407 U.S. at 15, 92 S.Ct. 1907. Choi has not cited any authority suggesting that Korea would not vindicate either his interests or those behind the Act. Furthermore, the antiwaiver provision of the Act does not invalidate the clause. *See Richards,* 135 F.3d at 1293 (enforcing forum selection clause despite antiwaiver provision of the Securities Act of 1933, which served as the model for the Interstate Land Sales Full Disclosure Act).

For these reasons, we conclude that the district court did not abuse its discretion by enforcing the mandatory forum selection clause.

AFFIRMED.

